# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Nashville Division

JANNA MARIE GORDON

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

C.B RAGLAND COMPANY

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No. $3:24-cv-990$

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | JANNA MARIE GORDON |
| Street Address | 1650 E BROADWAY |
| City and County | GALLATIN |
| State and Zip Code | TENNESSEE 37066 |
| Telephone Number | 615-987-4416 |
| E-mail Address | MARIEJANNA85@GMAIL.COM |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CONNIE AUSTIN |
| Job or Title *(if known)* | HUMAN RESOURCES |
| Street Address | 222 2ND AVENUE SOUTH, SUITE 1930 |
| City and County | NASHVILLE DAVIDSON |
| State and Zip Code | TENNESSEE 37201 |
| Telephone Number | 615-254-2827 |
| E-mail Address *(if known)* | CAUSTIN@CBRAGLAND.COM |

Defendant No. 2

| | |
|---|---|
| Name | BUFFY WILSON |
| Job or Title *(if known)* | VP of ACCOUNTING |
| Street Address | 222 2ND AVENUE SOUTH, SUITE 1930 |
| City and County | NASHVILLE DAVIDSON |
| State and Zip Code | TENNESSEE 37201 |
| Telephone Number | 615-254-2841 |
| E-mail Address *(if known)* | BWILSON@CBRAGLAND.COM |

Defendant No. 3

| | |
|---|---|
| Name | CHRIS STRANIX |
| Job or Title *(if known)* | VP of Finance |
| Street Address | 222 2ND AVENUE SOUTH, SUITE 1930 |
| City and County | NASHVILLE DAVIDSON |
| State and Zip Code | TENNESSEE 37201 |
| Telephone Number | 615-254-2841 |
| E-mail Address *(if known)* | CSTRANIX@CBRAGLAND.COM |

Defendant No. 4

| | |
|---|---|
| Name | BILL MCKNIGHT |
| Job or Title *(if known)* | CEO |
| Street Address | 222 2ND AVENUE SOUTH, SUITE 1930 |
| City and County | NASHVILLE DAVIDSON |
| State and Zip Code | TENNESSEE 37201 |
| Telephone Number | (615) 924-2464 |
| E-mail Address *(if known)* | BMCKNIGHT@CBRAGLAND.COM |

Cont.

## Defendant No. 5

Name:        Mildred Kiddy

Job or Title:   Accounting Department

Street Address: 222 2nd Avenue South, Suite 1930, Nashville TN 37201

Telephone:   615-254-2841

Email:       MKiddy@Cbragland.com


Defendant No.6

Name:        Kristen Cravens

Job or Title:   Design and Construction Manager

Street Address: 222 2nd Avenue South, Suite 1930, Nashville TN 37201

Telephone:   615-254-2841

Email:       KCravens@Cbragland.com


Defendant No.6

Name:        Michael W. Hayes

Job or Title:   President

Street Address: 222 2nd Avenue South, Suite 1930, Nashville TN 37201

Telephone:   615-254-2841

Email:       MHayes@Cbragland.com

C.      **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

|                    |                                        |
|--------------------|----------------------------------------|
| Name               | C.B Ragland Company and its Subsidiaries |
| Street Address     | 222 2ND AVENUE SOUTH, SUITE 1930       |
| City and County    | NASHVILLE DAVIDSON                      |
| State and Zip Code | TENNESSEE 37201                        |
| Telephone Number   | (615) 924-2464                         |

II.     **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Other federal law *(specify the federal law)*:
RETALIATION  Section 503(a) of the ADA

☑      Relevant state law *(specify, if known)*:
TENNESSEE HUMAN RIGHTS ACT,  TENNESSEE DISABILITY ACT

☐      Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

Accommodation request Approx 2/1/24. Follow up by plaintiff on 3/21/24. RETALIATION/ term 3/22/2024

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  (2) Clinically diagnosed by Psychologist - Mental Health

E. The facts of my case are as follows. Attach additional pages if needed.

*Please See Attached from EEOC.*

_(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)_

## IV. Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on _(date)_
3/25/2024

B.      The Equal Employment Opportunity Commission _(check one)_:

☐       has not issued a Notice of Right to Sue letter.

☑       issued a Notice of Right to Sue letter, which I received on _(date)_   6/5/2024 .

_(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)_

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct _(check one)_:

☐       60 days or more have elapsed.

☐       less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$25,000 Punitive Damages due to misunderstanding of Rights.
$25,000 Compensatory Damages for Emotional Distress, Mental health, and dismissal of bankruptcy due to non payment, leading to plaintiffs multi acre estate being placed into preforeclosure leading to increased anxiety.
$34,470.60 for Back Pay through April 5th 2024 - July 2024
$42,499.98 for 6 Months Future Pay - based on Plantiffs $85,000 Salary

*$ 126,970.58*

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          08/14/2024

Signature of Plaintiff

Printed Name of Plaintiff      Janna Marie Gordon

### B.      For Attorneys

Date of signing:          08/14/2024

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br><br>**494-2024-02163** |
|---|---|---|

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br><br>Ms. Janna M. Gordon | Home Phone<br><br>615-987-4416 | Year of Birth<br><br>1985 |
|---|---|---|

Street Address

1650 E Broadway

GALLATIN, TN 37066

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br><br>CB Ragland Company | No. Employees, Members<br><br>15 - 100 Employees | Phone No. |
|---|---|---|

Street Address

222 2ND AVE S STE 1930

NASHVILLE, TN 37201

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON<br><br><br>Disability | DATE(S) DISCRIMINATION TOOK PLACE<br><br>Earliest<br>02/01/2024 | Latest<br>03/22/2024 |
|---|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.      I was hired by the above-named employer on January 8, 2024, as a Senior Accountant. The company employs more than 15 employees.

II.      In February, I informed my supervisor about my disability and requested dividers between the desks as a reasonable accommodation. The accommodation was approved but never provided. The alternative accommodation I suggested to sit in an available cubicle was denied without discussion of alternatives. I was terminated on March 22, 2024.

III.      I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Janna M. Gordon**<br><br>03/29/2024<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 1 of 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/05/2024

**To:** Ms. Janna M. Gordon
1650 E Broadway
GALLATIN, TN 37066

Charge No: 494-2024-02163

EEOC Representative and email:     MAYRA PARRA
Investigator
Mayra.Parra@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because the respondent employs less than the required number of employees or is not covered by the laws enforced by EEOC.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 494-2024-02163.

On behalf of the Commission,

Digitally Signed By:Phillip Bornefeld
06/05/2024

Phillip Bornefeld
Area Office Director

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 494-2024-02163 to the

District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 494-2024-02163 to the District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

✓ **Only one** major life activity need be substantially limited.

✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more* information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



# Severance Agreement

1 message

**Bill McKnight** <bmcknight@cbragland.com>                    Thu, Mar 28, 2024 at 9:35 AM
To: janna.gordon@gmail.com <janna.gordon@gmail.com>
Cc: Michael Hayes <mwhayes@cbragland.com>

Janna:

I see that you have voiced some concerns in recent emails to our staff members, and I wanted to address those directly.

To be clear, your separation was not based on any sort of medical health condition that you may have. We made the decision to separate given attendance and performance issues.

As you know, we are a small employer. Based on our size, we are not covered by the Americans with Disabilities Act (ADA) and do not have a legal obligation to provide accommodations for disabilities. While your separation was not related in any way to your request for an alternate workspace, I did want to make this clear, as your emails reference the ADA.

As it relates to the Severance Agreement we offered, you were provided five days to review and execute, per Section 11H. We are willing to extend this period for an additional three days thru March 30th and offer an addition one week of pay for a total of three weeks. Please see the revised agreement attached.

We hope that the separation pay will provide you with some assistance during your transition.

Thank you.

Bill McKnight

C.B. Ragland Company

222 2nd Avenue South, Suite 1930

Nashville, TN 37201

(615) 924-2464

Bmcknight@cbragland.com

Severance Agreement - rev 3.28.24.docx
36 KB

**L. Lymari Cromwell**
Lymari.Cromwell@bassberry.com
(615) 742-6219

April 19, 2024

***Via Email:*** Juan.Ibarra@eeoc.gov
Mr. Juan Ibarra
U.S. Equal Employment Opportunity Commission
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228

> **Re:** **Gordon v. C.B. Ragland Company**
> **EEOC# 494-2024-02163**

Dear Mr. Ibarra:

Our office represents Respondent C.B. Ragland Company (the "Company" or "C.B. Ragland") with respect to the above-referenced charge of discrimination (the "Charge") filed by a former employee, Janna Gordon ("Ms. Gordon" or "Charging Party"). This letter is in response to the Equal Employment Opportunity Commission's ("EEOC") request for a position statement. The Company denies that it discriminated against Ms. Gordon in violation of the Americans with Disabilities Act of 1990 (the "ADA") because the ADA only applies to employers with 15 or more employees for a certain period of time and the Company has not and does not meet that threshold.

For the reasons outlined below, Ms. Gordon cannot pursue her claim under the ADA, and her Charge should be dismissed.

### A. General Background and Charging Party's Allegations

C.B. Ragland is a privately held commercial real estate company based in Nashville, Tennessee. The Company strives to maintain an environment free from discrimination and harassment, where employees treat each other with respect, dignity, and courtesy. The Company's Equal Employment Opportunity policy applies to all phases of employment, including recruiting, hiring, compensation, benefits, and termination. A copy of the Company's Equal Employment Opportunity (EEO) policy is attached hereto as **Exhibit A**.

Ms. Gordon is a former Senior Accountant for C.B. Ragland. She began her employment with the Company in January 2024. In March 2024, C.B. Ragland terminated Ms. Gordon. Charging Party now alleges that the Company discriminated against her on the basis of an alleged disability in violation of the ADA.

### B. The Company is not covered by the ADA

"Under the ADA an employer is not covered unless its work force includes 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding

calendar year." *Bynum v. Mack Mech., Inc.*, No. 2:16-0023, 2016 WL 6138607, at *1 (M.D. Tenn. Oct. 21, 2016) (internal quotations omitted) citing 42 U.S.C. § 12111(5); *Flannery v. Tune Imports, Inc.*, No. 3:18-CV-00584, 2020 WL 2512825, at *2 (M.D. Tenn. May 15, 2020) ("Employers are subject to Title VII and the ADA only if they have at least 15 employees on each working day for 20 or more calendar weeks in either the year in which the alleged discrimination occurred or the preceding year.").

The Company terminated Ms. Gordon in March 2024. Neither at that time nor at any time in the current or preceding year did the Company have 15 or more employees in 20 or more calendar weeks. As of April 8, 2024, the Company has only had two bi-weekly pay periods since the beginning of 2023 in which the Company paid at least 15 employees. In each of those pay periods, the Company paid exactly 15 employees. Accordingly, Ms. Gordon cannot pursue a claim under the ADA because C.B. Ragland is not covered by the ADA. Therefore, the Charge should be dismissed.

I trust the EEOC has enough information to issue a no cause finding in this matter.

Sincerely,

L. Lymari Cromwell

Enclosure

37648383.3

**<u>Equal Employment Opportunity</u>**
The Company is committed to equal employment opportunity in all of its employment practices. In accordance with federal, state and local laws, we recruit, hire, assign, promote, and evaluate all employees without regard to race, color, religion, sex, age, pregnancy, national origin or ancestry, genetic information, sexual orientation or identity, veteran status, disability or any other impermissible factor according to applicable law.

Job applicants and present employees are evaluated solely on ability, experience and the requirements of the job. This policy of Equal Employment Opportunity applies to all policies and procedures relating to recruitment and hiring, compensation, benefits, termination, and all other terms and conditions of employment.

Discrimination based upon any of these factors is prohibited by the Company and if detected should be reported by the employee affected or having knowledge of the occurrence to his/her immediate supervisor or Human Resources. Employees can raise concerns and make reports regarding alleged unlawful discrimination without fear of reprisal. If an employee feels that he/she is being retaliated against in violation of this policy, they must report the alleged conduct to Human Resources immediately. Anyone found to be engaging in any type of unlawful discrimination or other conduct that violates Company policy will be subject to disciplinary action, up to and including termination of employment.

EXHIBIT A