IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANNA MARIE GORDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:24-cv-00990 ) |
| C.B. RAGLAND COMPANY, et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Janna Marie Gordon, a Tennessee resident proceeding pro se, has filed a Complaint for Employment Discrimination against her former employer, C.B. Ragland Company, and various individuals for violations of the Americans with Disabilities Act (ADA) of 1990, the Tennessee Human Rights Act (THRA), and the Tennessee Disability Act. (Doc. No. 1.) Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### I. APPLICATION TO PROCEED IFP

Plaintiff's IFP application lists monthly expenses that far exceed her monthly income, which was dramatically reduced following the job loss that is the subject of this action. The IFP application therefore sufficiently demonstrates that she cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also*, *e.g.*, *Shannon v. Omni Logistics LLC*, No. EP-23-CV-384-KC, 2023 WL 8113826, at *1 (W.D. Tex. Nov. 22, 2023) (stating that "IFP status does not require absolute destitution," but should be based on consideration of "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life")

(citation omitted). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In making the plausibility determination, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 144 S. Ct. 1316, 2024 WL 2751216, at *3 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must also afford the pro se pleading a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

Plaintiff alleges that Defendants refused her February 1, 2024 request for accommodation of a clinically diagnosed mental health disability, and then fired her on March 22, 2024, in retaliation for her March 21 attempt to follow up on the accommodation request. (Doc. No. 1 at

5.) She attaches her charge of discrimination before the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission (EEOC). (*Id.* at 8.) In that charge, Plaintiff alleged that C.B. Ragland Company "employs more than 15 employees." (*Id.*) The EEOC dismissed her charge of discrimination "because the respondent employs less than the required number of employees or is not covered by the laws enforced by EEOC" (*id.* at 9), apparently accepting the argument for that outcome made by counsel for the company. (*See id.* at 15–16.) Nonetheless, the EEOC provided Plaintiff notice of her right to sue based on her charge of discrimination. (*Id.* at 9.) In a supplemental pleading, Plaintiff claims that C.B. Ragland Company should be held accountable for violating her civil rights "no matter the size of their company." (Doc. No. 6 at 1.)

At this early stage, accepting Plaintiff's factual allegations and reasonable inferences therefrom as true and construing the Complaint in her favor, the Court will allow Plaintiff's discrimination and retaliation claims to proceed against her former employer, C.B. Ragland Company. However, it is clear that claims of employment discrimination/retaliation under the statutes cited in the Complaint are properly asserted only against employers, not against fellow employees or individual supervisors. *See Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (finding that "the ADA [does not] impose liability upon individuals"); *Amos v. Lampo Grp.*, LLC, 681 F. Supp. 3d 833, 838–40 (M.D. Tenn. 2023) (holding that "an individual cannot be held liable for discrimination or retaliation under the THRA") (citing cases); *Garner v. SDH Servs. E., LLC*, 55 F. Supp. 3d 1016, 1025 (M.D. Tenn. 2014) (finding that "the TDA does not permit lawsuits against individual supervisors"); *see also Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (holding that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII"). Thus, Plaintiff's

3

claims against the individuals named in the Complaint (Doc. No. 1 at 2–3) will be dismissed.

## III. FURTHER PROCEEDINGS

As explained above, the Complaint states nonfrivolous claims that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for Defendant C.B. Ragland Company. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

The individual Defendants—surnamed Austin, Wilson, Stranix, McKnight, Kiddy, Cravens, and Hayes—are **DISMISSED** from this action.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The above determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is cautioned that she must keep the Court informed of her current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE