IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JANNA MARIE GORDON | ) | |
| | ) | |
| v. | ) | NO. 3:24-cv-00990 |
| | ) | |
| C.B. RAGLAND COMPANY | ) | |

TO: Honorable Eli J. Richardson, United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered January 14, 2025 (Docket Entry No. 8), this *pro se* and *in forma pauperis* employment discrimination case was referred to the Magistrate Judge for pretrial proceedings.

Currently pending is the motion to dismiss/for summary judgment filed by Defendant C.B. Ragland Company, LLC (Docket Entry No. 12).[1] Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted.

## I. BACKGROUND

Janna Marie Gordon ("Plaintiff") is a resident of Gallatin, Tennessee, and a former employee of C.B. Ragland Company, LLC ("Defendant"), a commercial real estate company based in Nashville, Tennessee. Plaintiff worked for Defendant as a senior accountant from January 8, 2024, to March 22, 2024, when her employment was terminated. Believing that she

---

[1] Defendant's motion was originally filed as a motion to dismiss. However, because it was supported by declarations and it involved issues of fact, the Court, in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, advised the parties that it was not excluding the declarations and that the motion would be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Order entered September 2, 2025 (Docket Entry No. 21).

suffered unlawful employment discrimination, Plaintiff filed this lawsuit on August 15, 2024, bringing claims for damages under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ("ADA"), the Tennessee Human Rights Act, ("THRA"), T.C.A. §§ 4-21-101 *et seq*., and the Tennessee Disability Act ("TDA"), T.C.A. § 8-50-103. *See* Complaint (Docket Entry No. 1).

Plaintiff's complaint is somewhat sparse on factual allegations but is supplemented by an administrative charge of discrimination that is attached to the complaint, *id*. at 8, and by a later filed supplement (Docket Entry No. 6). Plaintiff asserts that she suffers from a disability described as only "Clinically diagnosed by Psychologist – Mental Health." *See* Complaint at 5. She alleges that she made a request to Defendant on February 1, 2024, for dividers between the workplace desks but that the request, although approved, was not fulfilled. She alleges that she also requested on March 21, 2024, to work in a vacant cubicle but this request was denied without discussion of alternatives. Plaintiff asserts that she was then fired from her job on March 22, 2024, an act which she believes was retaliation for her accommodation requests.

Plaintiff promptly filed an administrative charge of discrimination with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). The charge was dismissed for the stated reason that "the respondent employs less than the required number of employees or is not covered by the laws enforced by EEOC" and Plaintiff received a notice of her right to sue on or about June 5, 2024. *Id*. at 9. Plaintiff thereafter filed this *pro se* and *in forma pauperis* lawsuit. Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court permitted the lawsuit to proceed against Defendant but dismissed seven individuals who were also named as defendants. *See* Memorandum Opinion and Order at 4.

In lieu of an answer, Defendant filed the pending motion, which is styled as a motion to dismiss brought under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues: (1) the ADA claims must be dismissed for lack of federal subject matter jurisdiction because Defendant's workforce does not include fifteen or more employee and Defendant is thus not subject to the ADA; (2) Plaintiff's allegations are not sufficient to state claims under the ADA; and, (3) upon the dismissal of Plaintiff's ADA claims, the Court should decline to exercise supplemental jurisdiction over her state law claims. *See* Memorandum in Support (Docket Entry No. 13). Defendant also seeks an award of attorneys' fees pursuant to 42 U.S.C. § 12205. *Id*. at 11. Defendant supports its motion with the declarations and exhibits attached thereto of its vice president of accounting (Docket Entry No. 13-1), chief executive officer (Docket Entry No. 13-2), and president (Docket Entry No. 13-3).

Plaintiff filed an initial response to the motion (Docket Entry Nos. 18-19), and Defendant filed a reply (Docket Entry No. 20). After conducting a preliminary review of the parties' filings, the Court determined that the numerosity defense raised by Defendant, although not a jurisdictional matter as argued by Defendant, was nonetheless a threshold matter but one that could not be resolved in the stance of a motion to dismiss and without consideration of Defendant's supporting declarations. *See* Order entered September 2, 2025 (Docket Entry No 21). Accordingly, the Court advised the parties that the motion would be treated as a motion for summary judgment, permitted Plaintiff six weeks to conduct discovery on the issue of whether Defendant meets the ADA's numerosity requirement, and required supplemental briefing from the parties. *Id*.

The parties have now completed the required supplemental briefing. *See* Defendant's supplemental brief (Docket Entry No. 22) and statement of undisputed material facts ("SUMF") (Docket Entry No. 23); Plaintiff's supplemental response (Docket Entry No. 26); and Defendant's reply (Docket Entry No. 27).

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The moving party has the burden of showing the absence of genuine factual disputes. *Anderson*, at 249-50; *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman,* 901 F.3d at 628. The nonmoving party "is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

4

### III. ANALYSIS

Defendant raises a meritorious defense to Plaintiff's ADA claims based on its argument that it is not subject to the ADA because it does not meet the minimum number of employees required by the ADA to be deemed a covered employer. Accordingly, Defendant is entitled to summary judgment on Plaintiff's ADA claims. Upon the dismissal of the only federal claims in this case, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Claims brought under the ADA are subject to the statutory requirements that Congress set out within the language of the Act. One of these requirements is that an employer must be of a sufficient size in order to be subject to liability under the ADA. This is commonly known as the "numerosity requirement," and it mirrors similar limitations that are part of other federal, anti-discrimination laws. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006) (noting that Congress intended to "spare very small businesses" from liability under Title VII by excluding employers with less than 15 employees from coverage under Title VII). "Under the ADA an 'employer' is not covered unless its work force includes '15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.'" *Clackamas Gastroenterology Assoc., P. C. v. Wells*, 538 U.S. 440, 441-42 (2003) (quoting 42 U.S.C. § 12111(5)(A)). As the party seeking a remedy under the ADA, the plaintiff ultimately bears the burden of proving that a defendant is a covered employer under the ADA. *Bynum v. Mack Mech., Inc.*, 2016 WL 6138607, at *1 (M.D.Tenn. Oct. 21, 2016) (Sharpe, J.).

As the Court noted in its September 2, 2205, Order, the "numerosity defense" is not a jurisdictional matter that implicates the Court's subject matter jurisdiction. *Flannery v. Tune*

*Imports, Inc.*, 2020 WL 2512825, at *2 (M.D.Tenn. May 15, 2020). *See also Arbaugh,* 546 U.S. at 516. Nonetheless, satisfaction of the numerosity requirement is a threshold requirement for any ADA claim because an employer who does not meet the numerosity requirement cannot be liable under the ADA. *See Evans v. Nashville Film Inst., LLC*, 2022 WL 2500324, at *6 (M.D. Tenn. July 6, 2022) (Trauger, J.).

In support of its supplemental briefing, Defendant provides the declaration of William McKnight, its President, and bi-weekly payroll employee accounts records attached thereto. *See* Docket Entry No. 23-1. This evidence shows that Defendant paid 15 or more employees for only 7 calendar weeks of the relevant time period in 2023 and 2024 and that it paid between 12 and 14 employes for every other calendar week during this period. *See* Defendant's SUMF at ¶¶ 3-7; Declaration of McKnight at ¶¶ 7-14. This evidence is sufficient to meet Defendant's burden as the summary judgment movant to show the absence of a genuine issue of material fact as to the numerosity requirement. The burden then shifts to Plaintiff to set forth specific facts showing that there is a genuine issue for trial as to whether Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in 2023 and 2024. *See Flannery*, 2020 WL 2512825, at *3.

In her supplemental response, Plaintiff does not set forth any rebuttal evidence that contradicts Defendant's evidence, and she specifically acknowledges the facts set out in Defendant's SUMF to be undisputed. *See* Docket Entry No. 26 at 1-2. Thus, with respect to this evidence, Plaintiff fails to raise a genuine issue of material fact as to the numerosity issue.

Plaintiff's only argument against Defendant's numerosity defense is her contention that a former officer of Defendant who acted as an independent contractor advising Defendant during

2023 and 2024 should be viewed as an employee of Defendant. Plaintiff contends that including this individual as an employee would cause the numerosity requirement to be met. *Id.* at 2. Plaintiff also contends that there is an "integrated enterprise" involving the independent contractor and Defendant. *Id.*

Plaintiff fails to raise a genuine issue of material fact by her argument. First, an independent contractor does not become an employee of a company for the purposes of the ADA merely because the independent contractor is a former employee of a company. Second, although there may be some circumstances in which an independent contractor may be viewed as an employee of a company, such a determination must be based upon evidence of the factors and incidents of the relationship between the independent contractor and the company. *See Janette v. Am. Fid. Grp., Ltd.*, 298 F.App'x 467 (6th Cir. 2008). Plaintiff fails to offer any evidence that would tend to show, or even infer, that factors existed that would render the independent contractor an employee of Defendant under the ADA. Indeed, the only evidence on this matter comes from Defendant, and this evidence weighs against any conclusion that the independent contractor should be viewed as an employee.[2] Furthermore, Defendant's evidence shows that for several calendar weeks it had less than fourteen employees. Thus, even if the independent contractor were to be viewed as an employee, Plaintiff has not done the leg work to show that his inclusion as an employee would cause Defendant to have fifteen employees for "each working day in each of 20 or more calendar weeks" in 2023 or 2024. It is not the Court's duty to sift through the record and

---

[2] Defendant provides unrebutted evidence that the independent contractor was compensated via an IRS 1099 form and did not receive any type of employment benefits, that he provided advise as needed, that he maintained separate insurance, that Defendant did not have control or discretion over his work, and that Defendant did not hire and/or employ any assistant or other employees on behalf of the independent contractor. *See* Declaration of McKnight at ¶ 16.

7

sort this out.  *See Flannery*, 2020 WL at *4.  Finally, Plaintiff's reference to an "integrated enterprise" is misplaced.  This doctrine applies in a situation when two companies may be considered so interrelated that they constitute a single employer subject to liability under the ADA. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997).   Plaintiff fails to provide any authority for the application of this theory to the issue of whether an independent contractor is an employee under the ADA.

In the end, Plaintiff simply fails to rebut Defendant's evidence that it did not meet the ADA's numerosity requirement during 2023 and 2024 and fails to show that a genuine issue of material fact exists on this issue.   Defendant should be granted summary judgment on Plaintiff's ADA claims because of her failure to satisfy this threshold requirement.   As such, it is unnecessary to address Defendant's alternative argument that Plaintiff's allegations otherwise fail to support her ADA claims.

To the extent that Defendant request an award of attorneys' fees pursuant to 42 U.S.C. § 12205 as the prevailing party on Plaintiff's ADA claims, the Court is unpersuaded by this request. Generally, a court may award fees to a prevailing defendant only upon a finding that the plaintiff's case was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate it after it clearly became so."  *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978).   The Court does not find that Plaintiff's ADA claims are frivolous, unreasonable, or groundless, or that she needlessly continued to litigate the case.   She simply lost on a legal issue; an issue that is not a particularly easy one for an attorney, let alone for a litigant

8

Case 3:24-cv-00990    Document 28    Filed 11/18/25    Page 8 of 10 PageID #: 270

who proceeds *pro se*.³ The Court finds that it would be unjust and inequitable to make an award of attorney's fees to Defendant given the facts and proceedings in this case.

Upon the dismissal of Plaintiff's ADA claims, the only claims remaining are her state law claims under the THRA and the TDA. Because the dismissal of Plaintiff's ADA claims extinguishes the basis for original federal jurisdiction in the case, the Court should decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction[.]"); *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F.App'x 580, 584 (6th Cir. 2011) ("[T]his Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed."); *Lyndon's LLC v. City of Detroit, Michigan*, 2024 WL 3427176, at *3 (6th Cir. 2024) ("Both federal statutory provisions and our precedent... permit [and] encourage district courts to decline to exercise supplemental jurisdiction over state law claims that are left without an anchor when their associated federal claims are dismissed.") (internal citations omitted).

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully **RECOMMENDS** that:

1) the motion to dismiss/for summary judgment filed by Defendant C.B. Ragland Company, LLC (Docket Entry No. 12) be **GRANTED** and that summary judgment be **GRANTED** to Defendant on Plaintiff's ADA claims; and,

---

³ Indeed, Defendant's counsel got at least part of the law wrong in the first iteration of the motion at hand.

2) the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that these claims be **DISMISSED WITHOUT PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**Signed By:**
*J. Gregory Wehrman*
**United States Magistrate Judge**