IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANNA MARIE GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-00990 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| C.B. RAGLAND COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 28, "R&R") of the Magistrate Judge, which recommends that the Court grant the "motion to dismiss/motion for summary judgment" filed by Defendant, C.B. Ragland Company, at Docket No. 12 ("Motion"). (Doc. No. 28 at 1).[2] More specifically, the R&R recommends that summary judgment be granted to Defendant on the Americans with Disabilities Act ("ADA") claims of Plaintiff, Janna Marie Gordon, and that "the Court decline to exercise supplemental jurisdiction over Plaintiff's [remaining] state law claims" brought under the Tennessee Human Rights Act ("THRA") and the Tennessee Disability Act ("TDA") and that these state law claims accordingly be dismissed

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] The Motion was originally brought as a motion to dismiss. However, because the Motion "was supported by declarations and it involved issues of fact," the Motion was treated by the Magistrate Judge "as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." (Doc. No. 28 at 1 n.1). Absent objection to such treatment, the Court affords the Motion the same treatment.

without prejudice. (*Id.* at 9-10). No objections to the R&R have been filed and the time for filing objections has now expired.[3]

Absent any objection to the background statement (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that statement in its entirety and includes it here for reference.

> Janna Marie Gordon ("Plaintiff") is a resident of Gallatin, Tennessee, and a former employee of C.B. Ragland Company, LLC ("Defendant"), a commercial real estate company based in Nashville, Tennessee. Plaintiff worked for Defendant as a senior accountant from January 8, 2024, to March 22, 2024, when her employment was terminated. Believing that she suffered unlawful employment discrimination, Plaintiff filed this lawsuit on August 15, 2024, bringing claims for damages under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), the Tennessee Human Rights Act, ("THRA"), T.C.A. §§ 4-21-101 et seq., and the Tennessee Disability Act ("TDA"), T.C.A. § 8-50-103. *See* Complaint (Docket Entry No. 1).
>
> Plaintiff's complaint is somewhat sparse on factual allegations but is supplemented by an administrative charge of discrimination that is attached to the complaint, *id.* at 8, and by a later filed supplement (Docket Entry No. 6). Plaintiff asserts that she suffers from a disability described as only "Clinically diagnosed by Psychologist – Mental Health." *See* Complaint at 5. She alleges that she made a request to Defendant on February 1, 2024, for dividers between the workplace desks but that the request, although approved, was not fulfilled. She alleges that she also requested on March 21, 2024, to work in a vacant cubicle but this request was denied without discussion of alternatives. Plaintiff asserts that she was then fired from her job on March 22, 2024, an act which she believes was retaliation for her accommodation requests.
>
> Plaintiff promptly filed an administrative charge of discrimination with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). The charge was dismissed for the stated reason that "the respondent employs less than the required number of employees or is not covered by the laws enforced by EEOC" and Plaintiff received a notice of her right to sue on or about June 5, 2024. *Id.* at 9. Plaintiff thereafter filed this pro se and in forma pauperis lawsuit. Upon initial review of the complaint under 28 U.S.C. §

---

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on November 18, 2025, and as of December 11, 2025, Plaintiff has not filed any objections.

> 1915(e)(2)(B), the Court permitted the lawsuit to proceed against Defendant but dismissed seven individuals who were also named as defendants. *See* Memorandum Opinion and Order at 4.
>
> In lieu of an answer, Defendant filed the pending motion, which is styled as a motion to dismiss brought under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues: (1) the ADA claims must be dismissed for lack of federal subject matter jurisdiction because Defendant's workforce does not include fifteen or more employee and Defendant is thus not subject to the ADA; (2) Plaintiff's allegations are not sufficient to state claims under the ADA; and, (3) upon the dismissal of Plaintiff's ADA claims, the Court should decline to exercise supplemental jurisdiction over her state law claims. See Memorandum in Support (Docket Entry No. 13). Defendant also seeks an award of attorneys' fees pursuant to 42 U.S.C. § 12205. *Id.* at 11. Defendant supports its motion with the declarations and exhibits attached thereto of its vice president of accounting (Docket Entry No. 13-1), chief executive officer (Docket Entry No. 13-2), and president (Docket Entry No. 13-3).
>
> Plaintiff filed an initial response to the motion (Docket Entry Nos. 18-19), and Defendant filed a reply (Docket Entry No. 20). After conducting a preliminary review of the parties' filings, the Court determined that the numerosity defense raised by Defendant, although not a jurisdictional matter as argued by Defendant, was nonetheless a threshold matter but one that could not be resolved in the stance of a motion to dismiss and without consideration of Defendant's supporting declarations. *See* Order entered September 2, 2025 (Docket Entry No 21). Accordingly, the Court advised the parties that the motion would be treated as a motion for summary judgment, permitted Plaintiff six weeks to conduct discovery on the issue of whether Defendant meets the ADA's numerosity requirement, and required supplemental briefing from the parties. *Id.*
>
> The parties have now completed the required supplemental briefing. *See* Defendant's supplemental brief (Docket Entry No. 22) and statement of undisputed material facts ("SUMF") (Docket Entry No. 23); Plaintiff's supplemental response (Docket Entry No. 26); and Defendant's reply (Docket Entry No. 27).

(Doc. No. 28 at 1-4). The Magistrate Judge concluded that Defendant's Motion should be granted.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge

may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Id.*; *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 28) is adopted and approved. Accordingly, Defendant's Motion (Doc. No. 12) is **GRANTED**. Summary judgment is granted to Defendant on Plaintiff's ADA claims, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under the THRA and the TDA, and accordingly those state law claims are dismissed without prejudice.

Accordingly, the Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE